UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

          - v. -

KEVIN PEREZ,
    a/k/a "Kay Flock,"
    a/k/a "Kay,"
    a/k/a "KK,"
DEVON MASON,
    a/k/a "BJ,"
ERVIN BEAMON,
    a/k/a "EJ,"
NICHOLAS JOHNSON,
    a/k/a "Nick,"
SEAN SMITH,
    a/k/a "Sticky," and
JOSSI CASTRO,
    a/k/a "Jesse,"

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**SEALED**
**INDICTMENT**

23 Cr.

**23 CRIM   099**



## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

1.    From at least in or about 2017, up to and including the present, KEVIN

PEREZ, a/k/a "Kay Flock," a/k/a "KK," DEVON MASON, a/k/a "BJ," ERVIN BEAMON, a/k/a

"EJ," NICHOLAS JOHNSON, a/k/a "Nick," SEAN SMITH, a/k/a "Sticky," and JOSSI CASTRO,

a/k/a "Jesse," the defendants, and others known and unknown, were members and associates of a

criminal organization named "Sev Side" or "DOA" (short for "Dead On Arrival"), which operated

principally in the Belmont neighborhood of the Bronx, New York ("Sev Side/DOA," or the

1

"Enterprise"). Members and associates of Sev Side/DOA engaged in, among other activities, robberies, wire fraud, bank fraud, and acts involving murder and assault.

2.      Sev Side/DOA, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. Sev Side/DOA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Sev Side/DOA. At all times relevant to this Indictment, Sev Side/DOA was engaged in, and its activities affected, interstate and foreign commerce.

3.      KEVIN PEREZ, a/k/a "Kay Flock," a/k/a "KK," DEVON MASON, a/k/a "BJ," ERVIN BEAMON, a/k/a "EJ," NICHOLAS JOHNSON, a/k/a "Nick," SEAN SMITH, a/k/a "Sticky," and JOSSI CASTRO, a/k/a "Jesse," the defendants, participated in unlawful and other activities in furtherance of the conduct of Sev Side/DOA's affairs.

<u>PURPOSES OF SEV SIDE/DOA</u>

4.      The purposes of Sev Side/DOA included the following:

a.      Preserving and protecting the power and territory of Sev Side/DOA and its members and associates through acts involving murder, assault, other acts of violence, and threats of violence.

b.      Enriching the members and associates of Sev Side/DOA through, among other things, (i) robberies; and (ii) financial frauds.

c.      Promoting and enhancing Sev Side/DOA and the reputation and activities of its members and associates.

d.      Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

## MEANS AND METHODS OF SEV SIDE/DOA

5.      Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of Sev Side/DOA were the following:

a.      Members and associates of Sev Side/DOA committed and conspired, attempted, and threatened to commit, acts of violence, including acts involving murder and assault, to protect and to expand Sev Side/DOA's reputation, and to retaliate against rival gangs.

b.      Members and associates of Sev Side/DOA committed robberies;

c.      Members and associates of Sev Side/DOA committed financial frauds involving attempts to obtain funds by depositing fraudulent checks into bank accounts controlled by members and associates of Sev Side/DOA, and submitting fraudulent unemployment claims.

d.      Members and associates of Sev Side/DOA obtained, possessed, and used firearms and ammunition.

e.      Members and associates of Sev Side/DOA promoted and celebrated the criminal conduct of Sev Side/DOA on social media websites such as Instagram and Facebook and through reference to real acts of violence in songs posted publicly on websites such as Youtube.

## THE RACKETEERING CONSPIRACY

6.      From at least in or about 2017, up to and including the present, in the Southern District of New York and elsewhere, KEVIN PEREZ, a/k/a "Kay Flock," a/k/a "KK," DEVON MASON, a/k/a "BJ," ERVIN BEAMON, a/k/a "EJ," NICHOLAS JOHNSON, a/k/a "Nick," SEAN SMITH, a/k/a "Sticky," and JOSSI CASTRO, a/k/a "Jesse," the defendants, and

3

others known and unknown, being persons employed by and associated with the racketeering enterprise described in Paragraphs One through Five of this Indictment, namely, Sev Side/DOA, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of Sev Side/DOA through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

        a.      multiple acts involving murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

        b.      multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.05 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

        c.      multiple acts indictable under Title 18, United States Code, Sections 1343 (wire fraud), 1344 (bank fraud), and 2 (aiding and abetting).

        7.      It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of Sev Side/DOA.

## NOTICE OF SPECIAL SENTENCING FACTORS

### Murder

        8.      On or about December 16, 2021, in the Southern District of New York and elsewhere, KEVIN PEREZ, a/k/a "Kay Flock," a/k/a "KK," the defendant, knowingly murdered

4

and aided and abetted the murder of Hwascar Hernandez in the vicinity of 151st Street and Amsterdam Avenue in New York, New York, in violation of New York Penal Law, Sections 125.25(1) and (2) and 20.00, in that (i) with intent to cause the death of another person, PEREZ caused the death of Hwascar Hernandez, and aided and abetted the same; and (ii) under circumstances evincing a depraved indifference to human life, PEREZ recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Hernandez, and aided and abetted the same.

(Title 18, United States Code, Section 1962(d).)

### COUNT TWO
### (Violent Crime in Aid of Racketeering:
### December 16, 2021 Murder)
### (PEREZ)

The Grand Jury further charges:

9.    At all times relevant to this Indictment, Sev Side/DOA, as described in Paragraphs One through Five of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which engaged in, and the activities of which affected, interstate and foreign commerce. Sev Side/DOA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Sev Side/DOA.

10.    At all times relevant to this Indictment, Sev Side/DOA, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; and acts indictable under

Title 18, United States Code, Sections 1343 (wire fraud), 1344 (bank fraud), and 2 (aiding and abetting).

11.    On or about December 16, 2021, in the Southern District of New York and elsewhere, KEVIN PEREZ, a/k/a "Kay Flock," a/k/a "KK," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Sev Side/DOA, and for the purpose of maintaining and increasing position in Sev Side/DOA, an enterprise engaged in racketeering activity, as described above, knowingly murdered Hwascar Hernanez, and aided and abetted the same, in the vicinity of 151st Street and Amsterdam Avenue in New York, New York, in that (i) with intent to cause the death of another person, PEREZ caused the death of Hernandez, and aided and abetted the same; and (ii) under circumstances evincing a depraved indifference to human life, PEREZ recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Hernandez, and aided and abetted the same, to wit, PEREZ shot and killed Hernandez, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1)
and 2.)

## COUNT THREE
### (Murder Through Use of a Firearm)
### (PEREZ)

The Grand Jury further charges:

12.    On or about December 16, 2021, in the Southern District of New York and elsewhere, KEVIN PEREZ, a/k/a "Kay Flock," a/k/a "KK," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a Court of the United States, namely, the murder charged in Count Two of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and in the course thereof did cause the death of a

person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, and did aid and abet the same, to wit, PEREZ shot and killed Hwascar Hernandez, and aided and abetted the same, in the vicinity of 151st Street and Amsterdam Avenue in New York, New York.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT FOUR
### (Violent Crime in Aid of Racketeering: November 10, 2021 Assault with a Dangerous Weapon and Attempted Murder) (PEREZ, MASON, and BEAMON)

The Grand Jury further charges:

13.     At all times relevant to this Indictment, Sev Side/DOA, as described in Paragraphs One through Five of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which engaged in, and the activities of which affected, interstate and foreign commerce. Sev Side/DOA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Sev Side/DOA.

14.     At all times relevant to this Indictment, Sev Side/DOA, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; and acts indictable under Title 18, United States Code, Sections 1343 (wire fraud), 1344 (bank fraud), and 2 (aiding and abetting).

7

15.    On or about November 10, 2021, in the Southern District of New York and elsewhere, KEVIN PEREZ, a/k/a "Kay Flock," a/k/a "KK," DEVON MASON, a/k/a "BJ," and ERVIN BEAMON, a/k/a "EJ," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Sev Side/DOA, and for the purpose of maintaining and increasing position in Sev Side/DOA, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon and attempted to murder an individual, and aided and abetted the same, to wit, PEREZ, MASON, and BEAMON shot at rival gang members, and aided and abetted the shooting at rival gang members, in the vicinity of Matthewson Road and Roberto Clemente State Park Bridge in the Bronx, New York, in violation of New York Penal Law, Sections 125.25, 120.14, 120.15, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3),
1959(a)(5), and 2.)

### COUNT FIVE
**(Firearm Offense)**
**(PEREZ, MASON, and BEAMON)**

The Grand Jury further charges:

16.    On or about November 10, 2021, in the Southern District of New York and elsewhere, KEVIN PEREZ, a/k/a "Kay Flock," a/k/a "KK," DEVON MASON, a/k/a "BJ," and ERVIN BEAMON, a/k/a "EJ," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely the violent crime in aid of racketeering charged in Count Four of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, which was brandished and discharged, and did

8

aid and abet the same.

(Title 18, United States Code, Sections 924(c)(1)(A)(i),
(ii), (iii), and 2.)

## COUNT SIX
### (Violent Crime in Aid of Racketeering:
### February 10, 2022 Assault with a Dangerous Weapon and
### Attempted Murder)
### (MASON)

The Grand Jury further charges:

17.    At all times relevant to this Indictment, Sev Side/DOA, as described in Paragraphs One through Five of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which engaged in, and the activities of which affected, interstate and foreign commerce. Sev Side/DOA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Sev Side/DOA.

18.    At all times relevant to this Indictment, Sev Side/DOA, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; and acts indictable under Title 18, United States Code, Sections 1343 (wire fraud), 1344 (bank fraud), and 2 (aiding and abetting).

19.    On or about February 10, 2022, in the Southern District of New York and elsewhere, DEVON MASON, a/k/a "BJ," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing

9

of pecuniary value from Sev Side/DOA, and for the purpose of maintaining and increasing position

in Sev Side/DOA, an enterprise engaged in racketeering activity, as described above, knowingly

assaulted an individual with a dangerous weapon and attempted to murder an individual, and aided

and abetted the same, to wit, MASON shot at a rival gang member, and aided and abetted the

shooting at a rival gang member, in the vicinity of Webster Avenue and East Fordham Road in the

Bronx, New York, which resulted in the rival gang member being shot in the leg, in violation of

New York Penal Law Sections 120.05(2), 120.10, 125.25, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3),
1959(a)(5), and 2.)

### COUNT SEVEN
### (Firearm Offense)
### (MASON)

The Grand Jury further charges:

20.    On or about February 10, 2022, in the Southern District of New York and

elsewhere, DEVON MASON, a/k/a "BJ," the defendant, during and in relation to a crime of

violence for which he may be prosecuted in a court of the United States, namely the violent crime

in aid of racketeering charged in Count Six of this Indictment, knowingly used and carried a

firearm, and in furtherance of such crime, possessed a firearm, which was brandished and

10

discharged, and did aid and abet the same.

(Title 18, United States Code, Sections 924(c)(1)(A)(i),
(ii), (iii), and 2.)

## COUNT EIGHT
### (Violent Crime in Aid of Racketeering:
### June 26, 2020 Assault with a Dangerous Weapon and
### Attempted Murder)
### (JOHNSON)

The Grand Jury further charges:

21.    At all times relevant to this Indictment, Sev Side/DOA, as described in Paragraphs One through Five of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which engaged in, and the activities of which affected, interstate and foreign commerce. Sev Side/DOA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Sev Side/DOA.

22.    At all times relevant to this Indictment, Sev Side/DOA, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; and acts indictable under Title 18, United States Code, Sections 1343 (wire fraud), 1344 (bank fraud), and 2 (aiding and abetting).

23.    On or about June 26, 2020, in the Southern District of New York and elsewhere, NICHOLAS JOHNSON, a/k/a "Nick," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing

11

of pecuniary value from Sev Side/DOA, and for the purpose of maintaining and increasing position in Sev Side/DOA, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon and attempted to murder an individual, and aided and abetted the same, to wit, JOHNSON shot at rival gang members, and aided and abetted the shooting at rival gang members, in the vicinity of Briggs Avenue and East Kingsbridge Road in the Bronx, New York, which resulted in a victim being shot in the face, in violation of New York Penal Law Sections 125.25, 120.05(2), 120.10, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3),
1959(a)(5), and 2.)

### COUNT NINE
### (Firearm Offense)
### (JOHNSON)

The Grand Jury further charges:

24.    On or about June 26, 2020, in the Southern District of New York and elsewhere, NICHOLAS JOHNSON, a/k/a "Nick," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely the violent crime in aid of racketeering charged in Count Eight of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, which was brandished and discharged, and did aid and abet the same.

(Title 18, United States Code, Sections 924(c)(1)(A)(i),
(ii), (iii), and 2.)

### COUNT TEN
### (Possession of Firearm with Defaced Serial Number)
### (MASON)

The Grand Jury further charges:

25.    On or about April 13, 2022, in the Southern District of New York, DEVON

12

MASON, a/k/a "BJ," the defendant, knowingly possessed and received a firearm, to wit, a silver Smith & Wesson .38 caliber revolver, which had the importer's and manufacturer's serial number removed, obliterated, and altered, and had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(k) and 2.)

### COUNT ELEVEN
### (Possession of Firearm After a Felony Conviction)
### (SMITH)

The Grand Jury further charges:

26.     On or about August 19, 2022, in the Southern District of New York, SEAN SMITH, a/k/a "Sticky," the defendant, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a loaded .22 caliber Smith & Wesson handgun with serial number HJE6351, and the firearm was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

27.     As a result of committing the offense alleged in Count One of this Indictment, KEVIN PEREZ, a/k/a "Kay Flock," a/k/a "KK," DEVON MASON, a/k/a "BJ," ERVIN BEAMON, a/k/a "EJ," NICHOLAS JOHNSON, a/k/a "Nick," SEAN SMITH, a/k/a "Sticky," and JOSSI CASTRO, a/k/a "Jesse," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

a.      any interest acquired and maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

13

b.        any interest in, security of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise which the defendant has established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

c.        any property constituting and derived from any proceeds which the defendant obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

### Substitute Assets Provision

28.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.        cannot be located upon the exercise of due diligence;

b.        has been transferred or sold to, or deposited with, a third person;

c.        has been placed beyond the jurisdiction of the Court;

d.        has been substantially diminished in value; or

e.        has been commingled with other property which cannot be subdivided without difficulty;

14

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963;<br>
Title 21, United States Code, Section 853; and<br>
Title 28, United States Code, Section 2461.)

GRAND JURY FOREPERSON

DAMIAN WILLIAMS
United States Attorney